■ In the Matter of SHELDON D. KATZ, Respondent, v STANLEY ALLAN, as the Town Clerk of the Town of Brookhaven, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Brookhaven Town Board, dated July 7, 1987, which affirmed a determination by the Town Clerk of the Town of Brookhaven to deny the petitioner's renewal application for a boat slip permit, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Doyle, J.), dated January 28, 1988, which, inter alia, annulled the determination of the Brookhaven Town Board and remitted the matter to the Town Clerk for the issuance of a renewed boat slip permit.

Ordered that the order and judgment is affirmed, with costs.

In 1973 the petitioner initially applied for and received a boat slip permit registered in his individual name from the appellant Town Clerk of the Town of Brookhaven. From 1978 to 1985 the petitioner's renewal applications were granted in the name of Tankleff Associates, a partnership of which the petitioner was a limited partner. In 1986 the Town Clerk denied the petitioner's renewal application on the ground that he violated paragraph 2 of the Rules and Regulations Affecting Summer Docking Permits which requires an applicant to be a principal shareholder of the corporation where a berth is requested for a corporately held vessel. The Town Clerk

reasoned that because the petitioner was only a limited partner in Tankleff Associates, the change in the name on the slip permit was in violation of paragraph 2. The determination was affirmed by the Town Board.

We agree with the Supreme Court, Suffolk County, which, in annulling the Town Board's determination, found that the applicable provision of paragraph 2 of the docking rules concerns corporations and not partnerships. The appellants exceeded their power in applying a condition to the issuance of slip permits which was not included in the docking rules (see, Town Law § 130). Only the Commissioner of Parks has the power to promulgate and amend the rules and regulations pertaining to the operation of the Town of Brookhaven's marinas subject to approval by the Town Board (see, Brookhaven Town Code § 10-29 [N]). The Town Clerk was without power to unilaterally amend the docking rules to include a requirement that an applicant must be a controlling partner in order to register the slip in the partnership name.

The appellants also contend that because the petitioner admitted that during 1984, he did not dock his boat at his slip and that another vessel owned by Tankleff Associates occupied the slip, he was properly denied his renewal application for failing to use his assigned slip in 1984 without notifying the dockmaster in accordance with Brookhaven Town Code § 10-29 (K). Throughout the administrative proceeding, however, the appellants' position was that the petitioner's renewal application should be denied because he changed the name on the application to that of his partnership. Judicial review of an agency's determination is limited solely to the grounds invoked by the agency (see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593). Accordingly, the appellants may not at this juncture attempt to justify their determination by substituting another reason for the denial of the petitioner's renewal application. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.